By the Court.
The authority of a "court to make an order for the disposition, care, custody, control and maintenance of minor children when husband and wife are divorced or living separate and apart from each other, is conferred.by Sections 8032,- 8033 and .8034, General Code. Section 8035 provides that an appeal may be taken from such order. Section 11987, General Code, also provides that such order may be made in an action for divorce and alimony. Section 11994, General Code, provides that pending an action for divorce, divorce and alimony, or for alimony only, a court may grant alimony to either of the parties for his or her sustenance during the suit and an allowance for minor children dependent upon either party for support, *173 and when an appeal is taken by either party the circuit court, or a judge thereof' in vacation, may grant like alimony and support during the pendency of the appeal. The appeal referred to in Section 11994, General Code, necessarily means an appeal from the final order and judgment of the court, for no appeal will lie from an order allowing alimony pendente lite. Taylor v. Taylor, 25 Ohio St., 71; King v. King, 38 Ohio St., 370.
The provision of Section 12002, General Code, that when judgment is rendered for both divorce and alimony the appeal will lie only to so much of the judgment as relates to the alimony, does not affect the right to appeal from the order providing for the care, custody and maintenance of minor children, conferred by Section 8035, General Code, when such order is included as a part of the' judgment in that action. The only effect that Section 12002, General Code, has upon Section 8035, General Code, is to authorize an appeal by the wife, without giving bond.
The question presented in the case of Rogers v. Rogers, 51 Ohio St., 1, with reference to appeal in that case, is not identical with the question here. In that case a judgment was entered at the January term, 1889, granting the plaintiff a divorce and the custody of one minor child. The custody of five of the minor children was given to the father, and the decree further provided that the order as to the custody, of these children should be subject to any modification in the future that the coürt might see fit to make. No appeal was taken, or attempted to be taken, from this judgment. At the January *174 term, 1890, a motion asking for a modification of this decree was allowed by the court, and the original judgment modified by giving two of the five children theretofore committed to the custody of the father to the mother, and ordering that the father should pay to the mother for the support of these children $15 per month. From this order modifying the former decree appeal was attempted, and this court held in that case that no appeal could be taken from such an order. It is'apparent, however, that the same statutes that authorize an appeal from the original decree would also authorize an appeal from an order modifying that decree. Therefore the second paragraph of the syllabus in the case of Rogers v. Rogers, supra, is overruled.
An appeal from a final judgment in an action for divorce and alimony or alimony only, confers upon the appellate court jurisdiction to hear and determine all questions involved in such suit, or incident thereto, that are appealable under the statutes of this state. Cox v. Cox, 19 Ohio St., 502. The only part of such judgment that cannot be appealed is the decree for divorce. The question of custody, care, control and maintenance of minor children of the parties to an action is incident to the suit. Where a divorce is granted, or where alimony is allowed to the wife for her separate maintenance, it is the duty of the court to make such order for the disposition, care and maintenance of the minor children of such marriage, if any, as is just, regardless of whether such question is presented by the pleadings or not.
The judgment of the circuit court is affirmed, *175 and this cause is remanded to that court for such further orders from time to time touching the custody and support of the minor child as to said court may seem just and proper.

Judgment affirmed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.